Jose Rutilio MONTALVO–ARCHILA, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72796.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2011.[*]

Filed June 29, 2011.

Xavier Rosas, The Root Law Group, Los Angeles, CA, for Petitioner.

Andrew B. Insenga, Trial, William Charles Peachey, Senior Litigation Coun-

sel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM [**]

Jose Rutilio Montalvo–Archila, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey,* 538 F.3d 988, 992 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Montalvo–Archila's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening given the immigration judge's ("IJ") underlying adverse credibility determination. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *Toufighi v.*

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Mukasey*, 538 F.3d 988, 996–97 (9th Cir. 2008) (underlying adverse credibility determination rendered evidence of changed circumstances immaterial).

We lack jurisdiction to review Montalvo–Archila's challenge to the IJ's underlying adverse credibility determination. *See Toufighi*, 538 F.3d at 995.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.